UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| AARON C. CENTURIONI,<br><br>Plaintiff,<br><br>v.<br><br>BRADY THOMAS, Z. SHIFFLETT, AND CARPENTER,<br><br>Defendants. | CAUSE NO. 1:25-CV-641-JTM-AZ |

OPINION AND ORDER

Aaron C. Centurioni, a prisoner without a lawyer, filed a complaint stemming from a fire at the DeKalb County Jail on November 19, 2025. (DE # 1.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Centurioni alleges that an electrical fire occurred at the DeKalb County Jail on November 19, 2025. The smoke alarms did not sound. Centurioni was in his locked cell when the fire started. An officer explained that Jail Commander Z. Shifflet could not find the key to manually unlock the cell doors. Once the key was located, Centurioni was moved to another unit where inmates of various security classifications were mixed together, creating a security risk. From there, Centurioni was moved to another area where inmates

of various security classifications were again mixed. Then he was taken to Noble County Jail. Centurioni alleges that Jail Commander Z. Shifflet "failed to execute a fire safety plan" when he "could not find the key to manually open the cell block doors." (DE # 1 at 2.)

As a pretrial detainee, Centurioni is protected under the Fourteenth Amendment from being held in "conditions that 'amount to punishment.'" *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). Conditions may amount to punishment if as a result, inmates are denied "the minimal civilized measure of life's necessities." *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) and *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016)). Pretrial detainees must also be reasonably protected from a substantial risk of serious harm. *Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022).
A defendant violates the Fourteenth Amendment if he "did not take reasonable available measures to abate the risk of serious harm to [plaintiff], even though reasonable officers under the circumstances would have understood the high degree of risk involved, making the consequences of the defendants' conduct obvious." *Pittman v. Madison Cnty.*, 108 F.4th 561, 572 (7th Cir. 2024) (emphasis omitted). "A jail official's response to serious conditions of confinement is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose.'" *Mays v. Emanuele*, 853 F. App'x 25, 27 (7th Cir. 2021) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)). In determining whether a challenged condition is reasonable or whether it amounts to punishment, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). Of note, "negligent conduct does not offend the Due Process Clause," and thus allegations of negligence, even gross negligence, do not

state a Fourteenth Amendment claim. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 353 (7th Cir. 2018).

Centurioni alleges that Jail Commander Shifflett could not locate the key to manually unlock cells, which caused a delay in removing Centurioni from his smoky cell. He alleges that someone (it is unclear who) made the decision to move inmates to a different unit, which caused inmates of different security classifications to be mixed together. These allegations may amount to negligence, but standing alone, they are not objectively unreasonable under the circumstances.

Centurioni also complains about a lack of medical care at both the DeKalb County Jail and Noble County Jail. Medical care was not offered to the inmates exposed to smoke by the DeKalb County Jail prior to the transfer to the Nobel County Jail. Once at the jail, if an inmate wanted medical care, they were required to ask for it, and they would be charged $15.00 for the appointment.[1] Medical care was also not offered by the DeKalb County Jail after he returned from the Noble County Jail.

Because Centurioni is a pretrial detainee, his rights arise under the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). Nevertheless, they are entitled to adequate medical care. *Miranda*, 900 F.3d at 353-54. To establish a violation of the right to adequate medical care, a pretrial detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's]

---

[1] Centurioni is not entitled to free medical care. *Poole v. Isaacs*, 703 F.3d 1024, 1027 (7th Cir. 2012).

medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty.*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is objectively unreasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). "[N]egligent conduct does not offend the Due Process Clause," and it is not enough for the plaintiff "to show negligence or gross negligence." *Miranda*, 900 F.3d at 353-54.

Centurioni faults the defendants for not proactively offering him medical care both before he was transferred to Noble County Jail, while he was there, and after his return. Centurioni does not describe any symptoms he had that he believed required medical care, and he has not indicated that he requested medical care from staff at either the DeKalb County Jail or the Noble County Jail. Thus, Centurioni's allegations do not suggest that any defendant responded to his medical needs in a manner that was objectively unreasonable.

Centurioni also complains about the way he was processed following his return to the DeKalb County Jail. When Centurioni returned to DeKalb County Jail, he was placed in the "drunk tank" to await processing. Once again, he was mixed with inmates of different security classifications. This was not objectively unreasonable under the circumstances. Furthermore, Centurioni does not allege that he was harmed due to the manner that processing was conducted upon his return to the DeKalb County Jail.

This complaint does not state a claim for which relief can be granted. If Centurioni believes he can state a claim based on (and consistent with) the events described in this

complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Aaron C. Centurioni until **November 12, 2026**, to file an amended complaint; and

(2) CAUTIONS Aaron C. Centurioni that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

**SO ORDERED.**

Date: October 13, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT